UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NORTHSHORE APOTHECARY, INC.                CIVIL ACTION

Versus                                     NO. 11-2327

ZURICH AMERICAN INSURANCE CO. ET AL.       SECTION "F"

ORDER AND REASONS

Before the Court is Zurich American Insurance Company's motion to dismiss for failure to state a claim.  For the reasons that follow, the motion is GRANTED.

**Background**

Plaintiff, Northshore Apothecary, suffered damage to its building in Slidell, Louisiana, as a result of Hurricane Katrina. Both the structure and contents of plaintiff's building were damaged.  Hurricane Katrina made landfall on August 29, 2005. Plaintiff filed this suit on August 8, 2011, almost six years after Hurricane Katrina struck the New Orleans area, seeking insurance payments from Zurich.

I. Standard for Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  See Martin K. Eby Constr. Co. v. Dallas Area Rapid

1

Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555 (quotation marks, citations, and footnote omitted).

## II.

Defendant asks the Court to dismiss plaintiff's claim because it is prescribed.  The Court agrees.  Following Hurricane Katrina, the Louisiana State Legislature enacted a two-year prescription period for insurance claims related to Hurricane Katrina in Acts 802 and 739.  The final deadline for the filing of these claims therefore became September 1, 2007.  This lawsuit was filed on August 8, 2011, almost four years after the expiration of the prescription period.  Plaintiff has made no showing that the running of the prescription period was suspended at any time.[1]

---

[1] Plaintiff's request for discovery so that it can determine whether it was a member of a putative class is unavailing, because class actions filed against Zurich, and the definitions

2

Accordingly, IT IS ORDERED: the defendant's motion to dismiss is GRANTED.

New Orleans, Louisiana, October 19, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

of those classes, are a matter of public record.